

FILED
CLERK, U.S. DISTRICT COURT
4/10/2017
CENTRAL DISTRICT OF CALIFORNIA
BY: ___GR___ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNI MA,<br><br>              Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES; CITY OF LOS ANGELES POLICE DEPARTMENT; OFFICER WESTON #38719, Individually and in his Official Capacity as Police Officer; OFFICER BERMUDEZ #38268, Individually and in his Official Capacity as a Police Officer; and DOES 1 through 10, Inclusive,<br><br>              Defendant. | **CASE NO. CV16-05819 DMG(RAO)**<br>[Assigned to Hon. Dolly M. Gee<br>Magistrate: Rozella A. Oliver]<br><br><br>**PROTECTIVE ORDER** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

      Whereas Plaintiff ANNI MA has propounded requests for production of documents and has requested confidential documents from Defendants CITY OF LOS ANGELES and LOS ANGELES POLICE DEPARTMENT, and the parties

1

having met and conferred, and seek to avoid burdening the Court with possibly unnecessary discovery motions, and whereas the parties agree the release of certain documents may assist in resolving this matter, and have stipulated to the following terms and conditions, IT IS HEREBY ORDERED:

1. The parties may designate as confidential the following:

[A] The Use of Force Report pertaining to the Los Angeles Police Department's internal investigation of the incident underlying this lawsuit; and

[B] Any documents which the Court orders or the parties agree in writing shall be kept confidential;

all of which the parties believe might contain information of a privileged, confidential, private or sensitive nature, by affixing to such document or writing a legend, such as "Confidential," "Confidential Documents," "Confidential Material," "Subject to Protective Order" or words of similar effect. These categories of documents and writings so designated, and all information derived therefrom (hereinafter, collectively, "Confidential Information"), shall be treated in accordance with the terms of this stipulation.

2. Confidential Information may be used by the persons receiving such information only for the purpose of this litigation.

3. Subject to the further conditions imposed by this stipulation, Confidential Information may be disclosed only to counsel for the parties and to experts.

4. Prior to the disclosure of any Confidential Information to any expert, counsel for the party that has received and seeks to use or disclose such Confidential Information shall first provide any such person with a copy of this Order, and shall cause him or her to execute, on a second copy which counsel shall thereafter serve on the other party the following acknowledgment:

> "I understand that I am being given access to Confidential Information pursuant to the foregoing stipulation and order. I have read the Order and agree to be bound by its terms with respect to the handling, use and disclosure of such Confidential Information.
>
> Dated: _____/s/_____"

5. Upon the final termination of this litigation, including any appeal pertaining thereto, all Confidential Information and all copies thereof shall be returned to the Defendants, except as to Court personnel. All Confidential Information disclosed to any person or party pursuant to any provision hereof also shall be returned to the Defendants.

6. If any party who receives Confidential Information receives a subpoena or other request seeking Confidential Information, he, she or it shall immediately give written notice to the Defendants' counsel, identifying the Confidential Information sought and the time in which production or other disclosure is required, and shall object to the request or subpoena on the grounds of

3

this stipulation so as to afford the Defendants an opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Material. Other than objecting on the grounds of this stipulation, no party shall be obligated to seek an order barring production of Confidential Information, which obligation shall be borne by the Defendants. However, in no event should production or disclosure be made without written notice to Defendants' counsel unless required by court order after serving written notice to defendants' counsel.

7. Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions to the Court in this litigation which contain, reflect, incorporate or refer to Confidential Information shall be filed and maintained under seal, after written application to the Court made. If the Court approves the application to file the documents under seal, the original and judge's copy of the document shall be sealed in separate envelopes with a title page affixed to the outside of each envelope. No sealed or confidential record of the Court maintained by the Clerk shall be disclosed except upon written order of the Court.

8. Counsel for the parties shall request that any motions, applications or other pre-trial proceedings which could entail the discussion or disclosure of Confidential Information be heard by the Court outside the presence of the jury, unless having heard from counsel, the Court orders otherwise.

9. Nothing herein shall prejudice any party's rights to object to the

4

introduction of any Confidential Information into evidence, on grounds including but not limited to relevance and privilege.

10. This Protective Order survives settlement, trial and/or appeal.

DATED: April 10, 2017

_____
HONORABLE ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE